IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Robinson, #55764-004, ) | |
| ) | C/A No. 0:09-2489-TLW-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Federal Bureau of Prisons, and Warden of ) | |
| FCI-Williamsburg, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

The petitioner, Robert Robinson ("Robinson"), a self-represented federal prisoner currently housed at FCI-Williamsburg of the Federal Bureau of Prisons ("BOP"), filed this habeas corpus action pursuant to 42 U.S.C. § 2241. In his Petition, Robinson alleges that BOP has erroneously calculated his sentence. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondents' motion to dismiss or, alternatively, for summary judgment. (Docket Entry 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondents' motion. (Docket Entry 15.) Robinson filed a response in opposition (Docket Entry 17), to which the respondents replied (Docket Entry 18). Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondents' motion should be granted.

## BACKGROUND

Robinson was arrested on November 30, 2000, in Broward County, Florida on state charges for resisting arrest without violence and operating a vehicle without a license. (Roush Decl. ¶ 3,

Docket Entry 14-3.) Robinson remained in custody on these charges. (Id.) The United States District Court for the Southern District of Florida issued an arrest warrant for Robinson on December 14, 2000 based on a federal indictment. (See Docket Entry 14-4 at 3.) Thereafter, the United States Marshals Service ("USMS") lodged a federal detainer with the Florida state authorities (Roush Decl. ¶ 4, Docket Entry 14-3.)

On May 17, 2001, the state court sentenced Robinson to "time served" on his state charges, which equated to one hundred sixty-nine days (from November 30, 2000 to May 17, 2001). (Id. ¶ 5.) As a result of the federal detainer, Robinson was released to the USMS on May 21, 2001. (Id. ¶ 6.) May 21, 2001 is the day that his federal criminal docket sheet reflects that the federal arrest warrant was executed and his initial appearance was conducted. (See Docket Entry 14-4 at 3.) Thereafter, Robinson remained in federal custody. Following a variety of proceedings, including the issuance of a superseding indictment, Robinson entered a plea of guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). (See id. at 3-5; Roush Decl. ¶ 6, Docket Entry 14-3.) On October 26, 2001, the district judge sentenced Robinson to a 151-month federal term of imprisonment. (Docket Entry 14-1 at 1-2; Docket Entry 14-4 at 6.)

BOP calculated Robinson's federal sentence as commencing on October 26, 2001 and credited him with a total of 161 days of prior custody credit from and including May 18, 2001 (the day after his state term ended) through October 25, 2001 (the day before his federal sentence commenced). (See Sentence Monitoring Computation Data, Docket Entry 14-2.)[1] BOP did not give Robinson credit for the days from his arrest on state charges (November 30, 2000) through the date

---

[1] The court observes that Roush's Declaration indicates that Robinson was awarded 169 days of prior custody credit for the time from and including May 18, 2001 through October 25, 2001. (See Roush Decl. ¶¶ 8-9; Docket Entry 14-3.) However, this appears to be a typographical error, as based on the court's calculation, as well as the calculation contained in the Sentence Monitoring Computation Data, the result is 162 days.

of his state sentencing (May 17, 2001), as that time was credited towards the state sentence. (Roush Decl. ¶ 9, [Docket Entry 14-3](#).)

Robinson contends in this Petition that he is entitled to custody credit for the time he spent in state custody from December 15, 2000 through May 16, 2001. Robinson argues that he attempted to "post bail" on his state charges on December 15, 2000; however, his bail was denied due to the federal detainer.

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

PJG

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The sole remedy in federal court for a prisoner seeking restoration of good time credits or seeking to invalidate his disciplinary conviction is a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641 (1997); Preiser, 411 U.S. 475. Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

**C.     Discussion**

    **1.     Parties**

As an initial matter, Respondent BOP correctly asserts that it is not a proper party to a habeas petition. Generally, only the warden with custody of the petitioner is properly named as a respondent in a habeas corpus action. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); 28 U.S.C. § 2242. Accordingly, BOP should be dismissed as a party.

2. **Prior Custody Credit**

As stated above, Robinson contends that he is entitled to credit toward his federal sentence for time spent in state custody from December 15, 2000 through May 16, 2001 because he was denied bail on December 15, 2000 due to the existence of a federal detainer.

The BOP has the authority to execute sentences and compute jail time, which includes computing pre-sentence credits and determining the sentence termination date. United States v. Wilson, 503 U.S. 329, 333-35 (1992); 28 C.F.R. § 0.96. According to 18 U.S.C. § 3585(a), "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

As discussed above, Robinson was in state custody following his arrest on November 30, 2000 through his state sentencing on May 17, 2001, where Robinson was sentenced to time served. (Roush Decl. ¶¶ 3, 5, [Docket Entry 14-3](Docket Entry 14-3).) Accordingly, Robinson received credit for the time he spent in state custody from December 15, 2000 through May 16, 2001 towards his state sentence. Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). See Wilson, 503 U.S. at 333 ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"); Villanueva v. United States, 346 F.3d 55, 66 n.3 (2d Cir. 2003) (stating that § 3585(b) precludes BOP from granting pre-sentence credit for time that was already credited towards another sentence); United States v.

Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (explaining that the record shows that the petitioner has already received credit toward his state sentence and holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting").

Robinson, relying on Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970), and its progeny, contends that he is entitled to federal credit because he was denied bail exclusively due to the filing of a detainer. As an initial matter, Davis was interpreting 18 U.S.C. § 3568, which was the previous custody credit statute that has since been repealed. Unlike § 3585(b)—which applies to Robinson—§ 3568 did not explicitly include a prohibition against awarding credit that has been credited against another sentence. Moreover, even if the holding in Davis was applicable in this case, the United States Court of Appeals for the Fifth Circuit, in applying Davis, has held that in order to receive credit under Davis, it must appear that the time a petitioner was in state custody was not credited toward his state sentence. Radcliffe v. Clark, 451 F.2d 250, 251 (5th Cir. 1971) (per curiam); Doss v. United States, 449 F.2d 1274 (8th Cir. 1971) (per curiam). In this case, it is clear that Robinson did receive credit for this time toward his state sentence; therefore, Davis, even if applicable, would not avail Robinson.

Finally, the court observes that to the extent Robinson relies on the mere existence of the federal detainer, a detainer filed to hold a prisoner to serve a federal term does not change his state custody status. See Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992). A detainer notifies the officials at the institution where a prisoner is confined that the prisoner is wanted in another jurisdiction upon release from prison. Id. at 360-61. Thus, based on all of the foregoing and contrary to Robinson's belief, he is not entitled to any credit against his federal sentence for the time

he spent in state custody. Accordingly, Robinson has not established that he is entitled to habeas relief on this basis.

## RECOMMENDATION

Based on the foregoing, the court recommends that the respondents' motion for summary judgment (Docket Entry 14) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 21, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).